O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| VICTOR DIAZ SANDOVAL,<br><br>               Plaintiff,<br><br>    v.<br><br>COUNTY OF RIVERSIDE; DAVID HOLM; and DOES 1-20,<br><br>               Defendants. | Case No.: 5:22-cv-01319-MEMF (GJSx)<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS [ECF NO. 29] AND DENYING DEFENDANTS' REQUEST FOR JUDICIAL NOTICE [ECF NO. 30]** |

     Before the Court is the Motion to Dismiss and the supporting Request for Judicial Notice both filed by Defendants County of Riverside and David Holm. ECF Nos. 29, 30. For the reasons stated herein, the Court GRANTS the Motion to Dismiss and DENIES the Request for Judicial Notice.

/ / /

/ / /

1

# BACKGROUND

## I. Factual Background[1]

On or about August 23, 2021, Plaintiff Victor Sandoval ("Sandoval") was arrested for murder and driving under the influence. SAC ¶ 10. As a result, he was booked at the Robert Presley Detention Center ("Robert Presley") in Riverside, California. *Id.* On or about August 26, 2021, two Defendant Sheriff Deputies, Doe 1 and Doe 2 (collectively, the "Doe Deputies"), were ordered to transport Sandoval, along with a number of other inmates, in a Sheriff's Department van to Southwest Detention Center ("Southwest") for rebooking. *Id.* ¶ 11. The Doe Deputies were instructed to ensure that the inmates arrived at Southwest before 12:20 a.m. on August 27, 2021, and were told to drive at high speeds to make this deadline. *Id.* The inmates were loaded into the van's prisoner compartment in handcuffs and leg restraints. *Id.* ¶¶ 13, 16. The handcuffs were secured to waist chains. *Id.* The Van had no seat belts or other comparable safety restraints. *Id.*

The van, with the Doe Deputies driving, left Robert Presley at or about 11:20 p.m. on August 26, 2021, traveling at close to 100 miles per an hour. *Id.* ¶¶ 15–16. The van was traveling at such a high rate of speed that it was involved in "multiple collisions," causing Sandoval and the other passengers to be thrown across the prisoner compartment and hit "the metal posts and other hard fixtures inside . . . and land[] on top of each other." *Id.* ¶ 16. Despite the collisions, the sounds of the inmates being thrown about, or the sounds of the inmates' screams, the Doe Deputies did not stop the van. *Id.* ¶ 19. Sandoval was thrown against the right side of the van and then hit the front of the prisoner compartment headfirst. *Id.* ¶ 17. He was subsequently thrown against the left side of the van. *Id.* Sandoval, as a result of these collisions, suffered serious injury to his right eye, forehead, teeth, right hand, and shoulder. *Id.* ¶ 18.

Upon arrival at Southwest, Sandoval was examined by Defendant Nurse Doe 11 and Defendant Correctional Officers, Does 3 and 4 (collectively, the "Doe Officers"), who determined that despite the "large bumps" on Sandoval's head, as well as his "eye injuries, and the blood"

---

[1] Unless otherwise indicated, the following facts are derived from the Second Amended Complaint. ECF No. 28 ("SAC").

Sandoval was not in need of urgent medical care. *Id.* ¶ 20. He was not sent to an emergency room. *Id.* Sandoval's injuries were photographed by a detective. *Id.* He was then momentarily released, rebooked, then taken back into custody, and admitted to Southwest's general population. *Id.* ¶ 21.

On or about October 7 and October 19, 2021, Sandoval was examined by Defendant Does 11–15 at Southwest in relation to Sandoval's complaints of pain and loss of vision in his right eye; pain in his head, right hand, and shoulder; and cracked wisdom teeth. *Id.* ¶ 24. Sandoval was not referred to an optometrist, orthopedist, or dentist. *Id.*

On November 8, 2021, Sandoval was examined by an optometrist who determined that Sandoval had a detached retina and required immediate care. *Id.* ¶ 25. One day later, Sandoval underwent surgery to reattach his retina. *Id.* ¶ 26. Although the surgeon was able to partially reattach Sandoval's retina, the three-month delay in care limited the procedure's overall effectiveness. *Id.* As a result, Sandoval has lost "much of the vision in his right eye." *Id.* ¶ 27. To aid with the healing process, the surgeon prescribed Sandoval eye drops to be administered four times a day. *Id.* ¶ 28. However, Defendant Does 11–15 failed to provide the eye drops as prescribed. *Id.* ¶¶ 29–30.

Sandoval, in compliance with California Government Code §§910–915.4, submitted a grievance claim on February 3, 2022 ("February 3 Claim"). *Id*. ¶ 9. The February 3 Claim was rejected on February 7, 2022. *Id.* Sandoval also prepared and filed multiple Riverside County Jail Inmate Grievance forms from October 13, 2021, to June 21, 2022, to lodge complaints about the driving on the night of August 26, 2021, and his subsequent failure to receive adequate medical care. *Id.* ¶ 33.

**II.     Procedural History**

Sandoval filed this action on July 28, 2022. ECF No. 1. On October 6, 2022, Sandoval filed a First Amended Complaint. ECF No. 24. On November 10, 2022, pursuant to the parties' Joint Stipulation, ECF No. 26, Sandoval filed the operative Second Amended Complaint, alleging the following five causes of action: (1) failure to protect, pursuant to 42 U.S.C. § 1983; (2) failure to intercede, pursuant to 42 U.S.C. § 1983; (3) failure to provide adequate medical care, pursuant to 42 U.S.C. § 1983; (4) negligence; and (5) negligence per se. *See generally* SAC. Sandoval seeks to

recover general, special, exemplary, and punitive damages, and attorneys' fees pursuant to 42 U.S.C. §1983, and costs. *See id.* at 17–18.[2]

On December 1, 2022, the Defendants County of Riverside and David Holm (collectively, "Riverside Defendants") filed the instant Motion to Dismiss, ECF No. 29 ("Motion" or "Mot."), and supporting Request for Judicial Notice, ECF No. 30 ("Request" or "RJN"). The Motion was fully briefed as of April 20, 2023. ECF Nos. 34 ("Opposition" or "Opp'n"); 35 ("Reply"). The Court took the matter under submission on May 1, 2023. ECF No. 36.

## REQUEST FOR JUDICIAL NOTICE

### I. Applicable Law

Federal Rule of Evidence 201(b) allows a court to take judicial notice of facts that are not subject to reasonable dispute because the facts "(1) [are] generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." FED. R. EVID. 201(b). Adjudicative facts that may be judicially noticed include "*undisputed* matters of public record" which differs from "*disputed* facts stated in public records." *Lee v. City of Los Angeles*, 250 F.3d 668, 690 (9th Cir. 2001), *overruled on other grounds by Galbraith v. County of Santa Clara*, 307 F.3d 1119, 1125–26 (9th Cir. 2002). Documents on file in federal and state court are undisputed matters of public record and therefore appropriate for judicial notice. *See Harris v. County of Orange*, 682 F.3d 1126, 1132–33 (9th Cir. 2012); *United States v. Black*, 482 F.3d 1035, 1041 (9th Cir. 2007).

### II. Discussion

The Riverside Defendants request that this Court take judicial notice of Sandoval's "failure to comply with the Government Claims Act." RJN at 2. This request is unopposed. The Riverside Defendants do not provide any records or other documentation in support of this claim, but instead only provide the Declaration of Zuly Martinez ("Martinez"), ECF No. 29-1 ("Martinez Declaration" or "Martinez Decl."). The Martinez Declaration provides that Martinez is a "Board Assistant for the

---

[2] While the Court generally refers to the SAC's paragraph numbers, because Sandoval's requests for relief lack proper consecutive paragraph numbers, the Court refers to the page numbers instead.

1   Clerk of the Board of Supervisors for the County of Riverside" and is an "authorized custodian of
2   records regarding claims submitted to the County of Riverside." Martinez Decl. ¶ 1. Martinez states
3   that "[f]ollowing a diligent search of the County's database, it was determined that the County did
4   not receive a Government Claim from Plaintiff Victor Sandoval regarding an incident/date of loss on
5   August 26, 2021." *Id.* ¶ 4.

6   The Riverside Defendants appear to contend that the Court may take judicial notice of the
7   fact that Sandoval did not file a grievance claim related to August 26, 2021, on the basis of the
8   Martinez Declaration alone. To support this argument, the Riverside Defendants cite to California
9   Evidence Code Section 242, a number of California state law cases applying the California Evidence
10  Code, and one, non-binding federal district court decision. *See* RJN at 2. However, the Riverside
11  Defendants' argument fails on multiple grounds. First, this case is proceeding in *federal* court,
12  meaning that this Court is bound to follow the Federal Rules of Evidence and not the California
13  Evidence Code. Even if this Court were bound to the California Evidence Code, Section 242 does
14  not appear to support the proposition that a Court may grant a request for judicial notice where the
15  moving party has not supplied a public record supporting the proposed fact. Second, as previously
16  summarized, Federal Rule of Evidence 201 allows a court to take judicial notice of an adjudicative
17  fact if said fact is "not subject to reasonable dispute" because it "(1) is generally known within the
18  trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources
19  whose accuracy cannot reasonably be questioned." FED. R. EVID. 201. A sworn declaration satisfies
20  neither of these requirements.

21  Thus, the Court hereby DENIES the Request.

## MOTION TO DISMISS

### III. Applicable Law

#### A. Motion to Dismiss pursuant to Rule 12(b)(6)

Under Federal Rule of Civil Procedure Rule 12(b)(6), a party may file a motion to dismiss for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). The purpose of Rule 12(b)(6) is to "enable defendants to challenge the legal sufficiency of claims asserted in a

complaint." *See Rutman Wine Co. v. E. & J. Gallo Winery*, 829 F.2d 729, 738 (9th Cir. 1987). A district court properly dismisses a claim under Rule 12(b)(6) if the complaint fails to allege sufficient facts to support a cognizable legal theory. *Caltex Plastics, Inc. v. Lockheed Martin Corp.*, 824 F.3d 1156, 1159 (9th Cir. 2016).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter . . . to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* While a complaint does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than "[t]hreadbare recitals of the elements of a cause of action." *Id.* at 678. "Determining whether a complaint states a plausible claim for relief is 'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" *Ebner v. Fresh, Inc.*, 838 F.3d 958, 963 (9th Cir. 2016) (quoting *Iqbal*, 556 U.S. at 679).

When evaluating a complaint under Rule 12(b)(6), the court "must accept all well-pleaded material facts as true and draw all reasonable inferences in favor of the plaintiff." *Caltex*, 824 F.3d at 1159; *see also Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008) ("We accept factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party."). This tenet, however, is "inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678.

**B. California Tort Claims Act**

The California Tort Claims Act ("Tort Claims Act" or "Act"),[3] CAL. GOV'T CODE §§ 810, *et seq.* requires a person to present his claim to the public entity before filing a court action. *See Wright v. State of Cal.*, 19 Cal.Rptr.3d 92, 95 (Cal. 2004) ("Under . . . state . . . law, a prisoner must exhaust available administrative remedies before seeking judicial relief."). In order to bring a suit for money

---

[3] The California Tort Claims Act is often referred to as the California Government Claims Act. *See City of Stockton v. Superior Court*, 42 Cal. 4th 730, 741–42 (Cal. 2007)

damages against a municipal entity or its employees, the Tort Claims Act requires that prior to filing suit, a claimant must file and present a written claim to the public entity, and that the public entity must either act upon or reject the claim. *See* CAL. GOV'T CODE § 905 (providing that "all claims for money or damages against local public entities" must "be presented in accordance with . . . Section 910," except for certain situations that do not apply in this case); CAL GOV'T CODE § 910 (setting forth the requirements for the contents of a claim against a public entity).

## IV. Discussion

The Riverside Defendants seek to dismiss Sandoval's fourth claim for negligence and fifth claim for negligence per se. Mot. at 2. The Riverside Defendants further seek to dismiss Does 11–20. *Id.*

### A. The SAC does not sufficiently allege that Sandoval satisfied the grievance claim requirements.

The Riverside Defendants seek dismissal of Sandoval's negligence and negligence per se claims on the same basis: that the County's public records do not indicate that Sandoval submitted a Government Claim regarding an incident on August 26, 2021, meaning that Sandoval has failed to exhaust administrative remedies as required by the California Tort Claims Act. Mot. at 8. In response, Sandoval argues that Sandoval's failure to submit a tort claim with the "same date of incident as that ultimately alleged in the [SAC]" does not preclude him from meeting the requirements of the California Tort Claim Act. Opp'n at 5.

The Riverside Defendants rely on their Request to support the contention that Sandoval never submitted a grievance related to events arising on August 26, 2021. However, as the Court has denied the Request for Judicial Notice, it does not rely on or otherwise accept the alleged fact that Sandoval failed to submit an appropriate grievance.

Compliance with the Tort Claims Act is "a condition precedent to suit against a public entity" that a litigant must plead and prove. *Mangold v. California Public Utilities Commission*, 67 F.3d 1470, 1477 (9th Cir. 1995). To satisfy this burden, Sandoval must plead that he presented a written claim to the local government entity within six months of the incident, and that the claim was subsequently rejected in whole or in part. *Mabe v. San Bernardino Cty.*, 237 F.3d 1101, 1111 (9th

Cir. 2001). The SAC alleges that Sandoval submitted the February 3 Claim in compliance with California Government Code §§ 910–915.4, and that the claim was subsequently rejected. SAC ¶ 9. The SAC further alleges that Sandoval submitted additional claims relating to the night of August 26, 2021, from October 2021 to June 2022. *Id.* ¶ 33. In the Opposition, however, Sandoval concedes that the February 3 Claim identifies the date of the events alleged as "on or about Aug. 12, 2021." Opp'n at 6.

Sandoval argues that the misrepresentation of the date is not dispositive because the February 3 Claim provides sufficient factual detail to put the Riverside Defendants on notice of his grievance. *Id.* The Riverside County Defendants do not appear to dispute that Sandoval submitted a claim taking place "on or about" August 12, 2021. "Courts have long recognized that a claim that fails to substantially comply with sections 910 and 910.2, may still be considered a 'claim as presented' if it puts the public entity on notice both that the claimant is attempting to file a valid claim and that litigation will result if the matter is not resolved." *California v. Superior Court (Bodde)*, 90 P.3d 116, 123 (Cal. 2004).

Although Sandoval states in his Opposition that he submitted a copy of the February 3 Claim with the Complaint, the First Amended Complaint, and the Second Amended Complaint, the February 3 Claim is not attached to any of these filings and does not appear to have otherwise been submitted to the Court. Therefore while the Opposition argues that the claim "provides sufficient information for the County to identify Mr. Sandoval [and] gives a full accounting of the circumstances that took place [including] sett[ing] out Mr. Sandoval's injuries in detail to the best of his information," Opp'n at 6, in the absence of the claim itself or well-pleaded allegations regarding the nature of the claim in the SAC, and even accepting the allegations in the Complaint as true—as the Court must on a 12(b)(6) motion to dismiss—the Court finds that Sandoval has not met his obligation on the motion to dismiss.

Accordingly, the Court GRANTS the Motion to Dismiss as to Sandoval's negligence and negligence per se claims. As the identified defect appears to be curable, these claims are

DISMISSED WITH LEAVE TO AMEND.[4] *See Brown v. Stored Value Cards, Inc.*, 953 F.3d 567, 574 (9th Cir. 2020) ("Requests for leave to amend should be granted with extreme liberality." (quotation marks omitted)).

### B. As Sandoval does not address the Riverside Defendants argument that Does 11–20 must be dismissed, the Court deems the argument conceded.

Next, the Riverside Defendants argue that Doe Defendants 11–20 must be dismissed as Central District of California Local Rule 19-1 precludes complaints from including "more than ten (1) Doe or fictitiously named parties." Mot. at 8 (citing L.R. 19-1).

In full, Local Rule 19-1 provides: "***Fictitiously Named Parties.*** No complaint or petition shall be filed that includes more than ten (10) Doe or fictitiously named parties." L.R. 19-1

Sandoval fails to address this argument and, by his silence, appears to concede it. Moreover, the Riverside Defendants' reading of the Local Rule appears to be correct.

Thus, the Court hereby DISMISSES Does 11–20.

### C. The Court does not address the Riverside Defendants' argument that Does 1 – 10 must be dismissed.

Finally, the Riverside Defendants—for the first time in the Reply—argue that Doe Defendants 1–10 must be dismissed due to Sandoval's failure to identify these individuals and complete service. Reply at 6–7. But as the Court "need not consider arguments raised for the first time in a reply brief," the Court DENIES the request. *Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007).

### CONCLUSION

For the reasons stated above, the Riverside Defendants' Request for Judicial Notice is DENIED. The Motion to Dismiss is GRANTED with leave to amend as to Sandoval's fourth and

---

[4] Sandoval's argument that the Riverside Defendants have waived any defense as to the sufficiency of the February 3 Claim, Opp'n at 7, is unavailing at this time. The Riverside Defendants have asserted that no claim was submitted regarding the August 26, 2021 incident alleged in the SAC. If and when Sandoval amends his Complaint to discuss and attach the claim he allegedly submitted, and if and when the Riverside Defendants seek to dismiss his complaint based upon any alleged defects with that claim, Sandoval can raise this argument and the Court can address it.

9

fifth causes of action for negligence and negligence per se. Doe Defendants 11–20 are dismissed. To the extent that Sandoval wishes to amend the SAC as the claims dismissed with leave to do so, he is ORDERED to file a Third Amended Complaint ("3AC") within thirty (30) days of this Order.

IT IS SO ORDERED.

Dated: June 2, 2023

_____
MAAME EWUSI-MENSAH FRIMPONG
United States District Judge