O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| VICTOR DIAZ SANDOVAL,<br><br>               Plaintiff,<br>v.<br><br>COUNTY OF RIVERSIDE; DAVID HOLM; and DOES 1-20,<br><br>               Defendants. | Case No.: 5:22-CV-01319-MEMF (GJSx)<br><br>**ORDER DENYING DEFENDANTS' MOTION TO DISMISS [ECF NO. 39]** |

      Before the Court is the Motion to Dismiss filed by Defendants County of Riverside and David Holm. ECF NO. 39. For the reasons stated herein, the Court hereby DENIES the Motion to Dismiss.

/ / /

/ / /

## I. Background

### A. Factual Background[1]

The Court set out in detail the facts alleged in the Complaint in its Order Granting the Defendants' Motion to Dismiss the Second Amended Complaint ("SAC"). ECF No. 37 p. 2-3. As discussed below, Plaintiff Victor Sandoval ("Sandoval") did not make any changes to the factual allegations in the SAC in his Third Amended Complaint ("TAC") besides attaching the Government Claim filed on February 3, 2022, and rejected by the County on February 7, 2022. ECF NO. 38 ¶ 2; 38-1.

### B. Procedural History

Plaintiff Victor Sandoval ("Sandoval") initially filed this action on July 28, 2022, against Defendants County of Riverside ("County"), Riverside County Sheriff's Department ("RCSD"), David Holm ("Holm") Correctional Captain at Southwest Detention Center ("Southwest"), Martin Tochtrop ("Tochtrop"), Correctional Captain at Southwest, DOES 1-10 Deputies or employees in RCSD, and DOES 11-15 health-care providers at Southwest. The Complaint alleged five claims for: (1) Failure to Protect pursuant to 42 U.S.C. § 1983; (2) Failure to Intercede pursuant to 42 U.S.C. § 1983; (3) Failure to Provide Adequate Medical Care pursuant to 42 U.S.C. § 1983; (4) Negligence; and (5) Negligence per se. ECF No. 1.

On October 6, 2022, Sandoval filed his First Amended Complaint ("FAC") alleging the same five causes of action while amending certain dates. ECF No. 25. On November 10, 2022, Sandoval filed a SAC alleging the same five causes of action against the Defendants and dismissing Defendant Tochtrop. On December 1, 2022, Defendants County of Riverside and David Holm (collectively "Riverside Defendants") filed a Motion to Dismiss the Second Amended Complaint and Request for Judicial Notice. ECF No. 29. On June 2, 2023, the Court granted Defendants' Motion to Dismiss as to Sandoval's fourth and fifth causes of action with leave to amend and dismissed Defendant DOES

---

[1] All facts stated herein are taken from the allegations in Plaintiff's Third Amended Complaint unless otherwise indicated. ECF No. 38 ("TAC"). For the purposes of this Motion, the Court treats these factual allegations as true, but at this stage of the litigation, the Court makes no finding on the truth of these allegations, and is therefore not—at this stage—finding that they are true.

11-20. ECF No. 37 ("Prior Order"). The Court dismissed the fourth and fifth causes of action in the SAC for failure to sufficiently plead that Sandoval filed a timely claim with the public entity under the California Tort Claims Act because he failed to attach the claim or set forth allegations regarding the nature of the claim. *Id.* at 8.

On June 26, 2023, Sandoval filed the operative Third Amended Complaint ("TAC") against Defendant County, RCSD, Holm, DOES 1-10 Deputies or employees of RCSD, and DOES 11-15 health-care providers at Southwest alleging the same five causes of action and attaching the tort claim submitted on Sandoval's behalf by his attorneys on February 3, 2022 (the "Claim"). ECF No. 38. Sandoval seeks to recover general, special, exemplary, and punitive damages, and attorneys' fees pursuant to 42 U.S.C. § 1983, and costs. *See id.* at 17-18.

On July 7, 2023, the Riverside Defendants filed the instant Motion to Dismiss ("Motion" or "Mot.") on the fourth and fifth causes of action for negligence and negligence *per se*. ECF No. 39. On September 11, 2023, Sandoval filed an Opposition to the Motion and on September 18, 2023, Defendants filed a Reply. ECF No. 42 ("Opposition or "Opp'n"), ECF No. 43 ("Reply").

The Court issued a tentative on October 25, 2023, and the parties submitted to the tentative. ECF No. 45.

## II. **Applicable Law**

### A. Motion to Dismiss

Federal Rule of Civil Procedure 12(b)(6) allows an attack on the pleadings for "failure to state a claim upon which relief can be granted." "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

The determination of whether a complaint satisfies the plausibility standard is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. Generally, a court must accept the factual allegations in the pleadings as true and view them

in the light most favorable to the plaintiff. *Park v. Thompson*, 851 F.3d 910, 918 (9th Cir. 2017); *Lee v. City of Los Angeles*, 250 F.3d 668, 679 (9th Cir. 2001). But a court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

### B. California Tort Claims Act

The California Tort Claims Act ("Tort Claims Act" or "Act"),[2] Cal Gov't Code §§ 810, *et seq.* requires a person to present his claim to the public entity before filing a court action. *See Wright v. State of Cal.*, 122 Cal. App. 4th 659, 664 (Ct. App. 2004) ("Under . . . state . . . law, a prisoner must exhaust available administrative remedies before seeking judicial relief."). In order to bring a suit for money damages against a municipal entity or its employees, the Tort Claims Act requires that prior to filing suit, a claimant must file and present a written claim to the public entity, and that the public entity must either act upon or reject the claim. *See* Cal. Gov't Code. § 905 (providing that "all claims for money or damages against local public entities" must "be presented in accordance with . . . Section 910," except for certain situations that do not apply in this case). Under California Government Code section 910(c),[3] the claim must present "the date, place, and other circumstances

---

[2] The California Tort Claims Act is often referred to as the California Government Claims Act. *See City of Stockton v. Superior Court*, 42 Cal. 4th 730, 741-42 (2007).

[3] California Government Code section 910 provides in full:
> A claim shall be presented by the claimant or by a person acting on his or her behalf and shall show all of the following:
>
> (a) The name and post office address of the claimant.
> (b) The post office address to which the person presenting the claim desires notices to be sent.
> (c) The date, place and other circumstances of the occurrence or transaction which gave rise to the claim asserted.
> (d) A general description of the indebtedness, obligation, injury, damage or loss incurred so far as it may be known at the time of presentation of the claim.
> (e) The name or names of the public employee or employees causing the injury, damage, or loss, if known.
> (f) The amount claimed if it totals less than ten thousand dollars ($10,000) as of the date of presentation of the claim, including the estimated amount of any prospective injury, damage, or loss, insofar as it may be known at the time of the presentation of the claim, together with the basis of computation of the amount claimed. If the amount claimed exceeds ten thousand dollars ($10,000), no dollar amount shall be

of the occurrence or transaction which gave rise to the claim asserted." *Stockett v. Ass'n of Cal. Water Agencies Joint Powers Ins. Authorities*, 34 Cal. 4th 441, 447 (2004).

When a civil action is brought following the denial of a government tort claim, the complaint may be subject to dismissal "if it alleges a factual basis for recovery which is not fairly reflected in the written claim." *Nelson v. State of California*, 139 Cal. App. 3d 72, 79 (Ct. App. 1982). A complaint is not fairly reflected in a claim when there is "a complete shift in allegations, usually involving an effort to premise civil liability on acts or omissions committed at different times or by different persons than those described in the claim." *Stockett*, 36 Cal. 4th at 447 (citing *Blair v. Superior Court*, 218 Cal. App. 3d 221, 226-27 (Ct. App. 3d 1990)).

However, the purpose of the Tort Claims Act is "to provide the public entity sufficient information to adequately investigate claims and to settle them, if appropriate, without the expense of litigation." *City of San Jose v. Superior Court*, 12 Cal. 3d 447, 455 (1974). As a result, "a claim need not contain the detail and specificity required of a pleading, but need only fairly describe what [the] entity is alleged to have done." *Stockett*, 34 Cal. 4th at 445-46. Thus, courts find claims fairly reflect the facts of the complaint when they "add further detail to a claim," but are "predicated on the same fundamental actions or failure to act by the defendants." *Blair*, 218 Cal. App. 3d at 225-26; *see also Stevenson v. San Francisco Housing Authority*, 24 Cal. App. 4th 269, 277 (Ct. App. 1994) (differentiating between complaints with additional factual details or additional causes of action as opposed to complaints based on a different set of facts); *White v. Superior Court*, 225 Cal. App. 3d 1505, 1511 (Ct. App. 1994) (categorizing lines of cases where claims are predicated on the same facts versus shifting facts).

**III. Discussion**

The Defendants seek to dismiss Sandoval's fourth claim for negligence and fifth claim for negligence per se. Mot. at 2.

**A. Sandoval's Claim substantially complied with the California Tort Claims Act.**

---

included in the claim. However, it shall indicate whether the claim would be a limited civil case.

As the Court previously found, the SAC did not sufficiently plead that Sandoval provided a written claim to the local government entity within six months of the incident, and that the claim was subsequently rejected in whole or in part. Prior Order at 8. The Court gave Sandoval leave to amend to include the claim itself or well-pleaded allegations regarding the nature of the claim. *Id.* Accordingly, Sandoval filed the operative TAC and attached the Claim. *See generally* TAC; Claim. Defendants seek dismissal of the fourth and fifth claims on the basis that: (1) the Claim does not conform to the statutory requirements of Government code section 910; (2) the substantial compliance doctrine is inapplicable to Sandoval's claims; and (3) Sandoval's claims do not constitute claims as presented. *See generally* Mot.

When a plaintiff attempts to comply with claim presentation, but the compliance is defective, "the doctrine of substantial compliance may validate the claim if it 'substantially complies with all of the statutory requirements . . . even though it is technically deficient in one or more particulars.'" *Connelly v. County of Fresno*, 146 Cal. App. 4th 29, 38 (Ct. App. 2006). However, courts find that "substantial compliance cannot be predicated upon noncompliance." *Johnson v. City of Los Angeles*, 134 Cal. App. 2d 600, 603 (Ct. App. 1955). *Compare id.* (finding that the claim substantially complied where the claim indicated the place of accident as the southeast corner of the intersection and the accident occurred on the southwest corner of the intersection), *with Hall v. City of Los Angeles*, 19 Cal. 2d 198, 198 (1941) (holding that the claim did not substantially comply when it did not make any indication where the accident occurred).

To determine whether a claim substantially complies, "the claim should be viewed in its entirety and a determination made as to whether the claim is susceptible to an interpretation that reasonably enables the public entity to make an adequate investigation and settle the claim." *Connelly*, 146 Cal. App. 4th at 40. "So long as the policies of the claims statutes are effectuated, they should be given a liberal construction to permit full adjudication on the merits." *Minsky v. City of Los Angeles*, 11 Cal. 3d 113, 123 (1974)).

The Claim alleged the incident occurred "on or about August 12, 2021" and the transport was from Riverside City Jail. Claim. The TAC alleged the incident occurred on August 26, 2021, and transport was from Robert Presley. TAC ¶ 11. The Court finds that Sandoval attempted to comply

with the requirements of section 910 by stating an estimated date and location of the incident in the Claim. Defendants cite to no authority to support that an estimated date and location fails to put the public entity on notice to make a proper investigation into the claims.

The timely filed "Claim for Damages to Person or Property" indicated the Sheriff's van traveled "at a very high rate of speed," "hit something in the road," and injured Sandoval's "face and eye;" "side and front part of his head," "injured his right shoulder and clavicle bone, both wrists, and cracked two teeth." Claim. The alleged circumstances of the TAC committed by the Riverside County Sheriff's Department—that the Doe Deputies drove at a high rate of speed causing serious physical injuries to Sandoval and other inmates during transport to Southwest—share a factual basis with the Claim. TAC at 3-4; Claim. The differences the Defendants point to between the Claim ("traveling at a very high rate of speed") and the TAC ("excessive rate of speed []near 100 miles per hour []") merely represent a more detailed presentation of the same fundamental facts. Claim; TAC at 3. This information gave the County adequate notice to investigate a claim for damages based on the negligent driving of County employees during an inmate transport to Southwest that caused an inmate in their custody serious injuries.

Defendants argue substantial compliance does not apply because Sandoval and his counsel's "lack of diligence in investigating resulted in the County being unable to investigate." Reply at 5. The case law does not support Defendants' contention that Sandoval's alleged lack of diligence is a factor this Court should consider—as opposed to what was contained in the Claim itself. The plaintiff's diligence or ability to investigate a claim is not at issue; rather, the Court must determine whether the claim provided adequate information for the public entity to investigate. Further, Defendants allege that Plaintiff's counsel also represents Sandoval in his criminal case and should have been aware of the date and location of Sandoval's transportation and re-booking. Reply at 6. However, Defendants do not provide any support for this contention or otherwise show that Sandoval had the same counsel at the time of his initial arrest, "re-booking," or arraignment.

Defendants also argue Sandoval is "the only person privy to information material to his Claim" and the allegations were "solely in possession of Plaintiff." Reply at 5, 6. However, Sandoval has remained in County custody —the public entity which he filed a claim against—

throughout the proceedings. Opp'n at 8. The information regarding Sandoval's arrest, transportation, and medical treatment are within the County's domain just as much as they are within Sandoval's. And common sense would support the idea that an individual in custody who suffered as serious injuries as Sandoval has alleged many misremember some details.

Defendants state that Sandoval "is, and always has been, aware of the date of his arrest and transportation" and it would be unfair to allow Sandoval to "provide the public entity with incorrect information, only to turn around and file suit based on the facts known to him all along." Mot. at 8. Where there is a good faith attempt to comply with the statutory requirements and "no intent to mislead or conceal appears the claim will be upheld in the absence of anything indicating that the municipality has been misled." *Perry v. City of San Diego*, 80 Cal. App. 2d 166, 169 (1947). The TAC alleges that Sandoval's arrest, transportation, and re-booking were not the same day, thus, it is reasonable for a detainee, such as Sandoval, to be unaware of how much time passed from the initial arrest. Defendants fail to show from the circumstances alleged that the Claim was not made in good faith to comply with the Tort Claims Act or that the County has been intentionally misled.

Finally, Defendants misstate the application of *Donahue v. State of California*, 178 Cal. App. 3d 795, 802 (Ct. App. 1986) to the present case. In *Donahue*, the court held that "the act of permitting an uninsured motorist to take a driving test is not the factual equivalent of the failure to control or direct the motorist in the course of the examination." *Id.* at 804. Thus, the State could not have investigated and discovered a claim for negligent control and supervision because the claim put the State on notice for permitting an uninsured motorist to take a driving test. *Id.* at 805. Here, the allegations in the TAC incorporate the same facts and legal theories as the Claim.[4] Since the Claim indicated an existence of a grievance and stated the requested damages, the County was on written notice that an action for damages may be filed against them based upon the nature of the driving during the inmate transport.[5]

---

[4] Because the Court finds Sandoval's Claim substantially complied, the Court does not address the claim as presented doctrine. *Donahue*, 178 Cal. App. 3d at 805.

[5] By denying the Claim on February 7, 2022, without raising the defects of date and location, the County waived the deficiency as a defense under California Government Code section 911. TAC at 2; *Phillips*, 49 Cal. 3d at 709.

When viewed in its entirety, the circumstances alleged in the Claim, the estimated time of transport, and Sandoval's condition as a detainee in County custody is susceptible to an interpretation that reasonably enabled the County to investigate and settle the Claim. Therefore, the Court finds Sandoval substantially complied with the California Tort Claims Act and DENIES the Motion on this basis.

### IV. Conclusion

For the foregoing reasons, the Court hereby ORDERS the Motion to Dismiss is DENIED as to Plaintiffs' Fourth and Fifth Cause of Action for Failure to Comply with the Tort Claims Act.

IT IS SO ORDERED.

Dated: October 26, 2023

MAAME EWUSI-MENSAH FRIMPONG

United States District Judge